(104 So. 636)

No. 27207.

## LACOUR v. RED RIVER, ATCHAFALAYA & BAYOU BŒUF LEVEE DIST.

(May 25, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Eminent domain** ⟐⟿303 — **Expropriation; compensation for loss of growing crops because of levee improvement cannot be recovered.**

Under Const. art. 16, § 6, relating to payment for property used or destroyed for levee

158 LA.—24

purposes, no recovery can be had for destruction of growing crops.

2. **Eminent domain** ⟐⟿303 — **Expropriation; compensation for cost of moving buildings and fences from land taken for levee purposes cannot be recovered.**

Under Const. art. 16, § 6, relating to compensation for property used or destroyed for levee purposes, compensation for cost of moving buildings and fences from land taken cannot be recovered, but, if such cost does not exceed assessed value of the buildings and fences, it may be measure of liability with respect thereto.

3. **Eminent domain** ⟐⟿303 — **Expropriation; compensation for property used or destroyed for levee purposes not recoverable, if property not assessed for taxes in preceding year.**

Under Const. art. 16, § 6, compensation for property used or destroyed for levee purposes cannot be recovered, if property was not assessed for taxes in last year before use or destruction thereof.

4. **Eminent domain** ⟐⟿293(1)—**Expropriation; in suit for compensation for property used or destroyed for levee purposes, plaintiff must allege that it was assessed for taxes the year previous.**

Under Const. art. 16, § 6, relating to payment for property taken or destroyed for levee purposes, in suit for compensation for property so used or destroyed, plaintiff must allege that it was assessed for taxes in preceding year, and allege amount of assessment regardless of article 1, § 2, referring to appropriation of private property for public purposes other than for levee purposes.

Appeal from Court of Appeal, Second Circuit.

Action by J. M. Lacour against the Red River, Atchafalaya & Bayou Bœuf Levee District. After dismissal on exception, plaintiff appealed to the Court of Appeal, Second Circuit, and it asks for instructions on propounded questions. Questions answered.

Porterie & Bordelon, of Marksville, for appellant.

Cleveland Dear, of Alexandria, for appellee.

O'NIELL, C. J. [1-3] This suit is for compensation for losses alleged to have been

caused by the levee board moving a levee inland on the plaintiff's farm. The claim is for the loss of growing crops and the cost of moving buildings and fences. It is admitted in the petition that the board of commissioners of the levee district proceeded legally and regularly and according to the directions of the board of state engineers, in the moving of the levee. The suit was dismissed on an exception of no cause or right of action. The plaintiff appealed to the Court of Appeal, and the court has asked for instructions, under section 25 of article 7 of the Constitution, propounding the following questions:

First. Does the law of Louisiana, which allows compensation for lands and improvements actually used or destroyed for levee purposes, allow compensation also for the destruction of growing crops?

Second. Does the law of this state allow compensation for the cost of moving buildings and fences from land that is taken for levee purposes?

Third. Does the law allow compensation for property used or destroyed for levee purposes if the property was not assessed for taxes in the last year before it was so used or destroyed?

Fourth. Is it necessary for the plaintiff to allege, in a suit for compensation for the loss of property used or destroyed for levee purposes, that the property was assessed for taxes in the preceding year?

Our answer to the first, second and third questions propounded is: No. Section 6 of article 16 of the Constitution makes the levee districts liable only for the loss of lands and improvements thereon, used or destroyed for levee purposes, or for levee drainage purposes, and limits the value of such lands and improvements to the assessed value for the preceding year, viz.:

"Lands and improvements thereon hereafter actually used or destroyed for levees or levee drainage purposes shall be paid for at a price not to exceed the assessed value for the preced-ing year; provided, this shall not apply to batture, nor to property control of which is vested in the state or any subdivision thereof for the purpose of commerce.

"If the district has no other funds or resources out of which such payment can be made, it may levy, on all taxable property situated therein, a tax sufficient to pay for said property so taken, not to exceed one-fourth of one mill on the dollar, to be used solely in the district where collected. This shall not prevent the appropriation of said property before payment."

Before the Constitution of 1921 was adopted, one whose farm or other rural property was appropriated by a levee district for levee purposes had no right whatever to be compensated for the loss. See Peart v. Meeker, President, 45 La. Ann. 421, 12 So. 490. By article 312 of the Constitution of 1898, the right to be compensated was granted only to persons whose urban property was appropriated by the Orleans levee board. See Ward v. Board of Levee Commissioners of Orleans Levee District, 152 La. 158, 92 So. 769. The case of Peart v. Meeker, President, was a suit for compensation for land taken for levee purposes by the same levee district that is the defendant in this suit. The case was decided in 1893. It was held that the statutes and the provisions of the Constitution concerning the expropriation of private property for public purposes, and allowing compensation therefor, did not apply to the taking of private property for levee purposes; that the individual's loss in such case was damnum absque injuria. It was said to be settled by repeated decisions of this court that, under article 665 of the Civil Code, property fronting on navigable rivers was subject to a servitude or an easement imposed by law in favor of the public, authorizing the state to appropriate the space required for making levees and roads; that the state did not expropriate, in such cases, but appropriated the property to the public use to which it was subject under the title itself; and that the

state, in so doing, exercised, not the power of eminent domain, but the police power.

The cost of moving buildings and fences from land that is to be taken for levee purposes might well be the measure of the levee board's liability for such improvements on the land, provided the cost of moving them would not exceed their assessed value for the preceding year.

[4] Our answer to the fourth question propounded is: Yes; it is necessary for the plaintiff, in a suit for compensation for property used or destroyed for levee purposes, to allege that the property was assessed for taxes in the preceding year, and to allege what the amount of the assessment was, for that is all that the plaintiff could have a right of action for. When a right of action depends for its existence upon a statutory or constitutional grant, it cannot extend beyond the terms of the grant. Ward v. Board of Levee Commissioners, 152 La. 158, 92 So. 769. It is true, this court ruled, in Police Jury of Lafayette v. Martin, 140 La. 848, 74 So. 170, that the Legislature could not fix or arbitrarily limit the measure of damages or compensation for the loss of private property taken for public roads, without violating article 167 of the Constitution of 1913 (being section 2 of article 1 of the Constitution of 1921), forbidding the taking or damaging of private property for a public purpose, unless just and adequate compensation has been first paid. But the decision is not pertinent to the limitation of liability in this case, which limitation is itself a constitutional provision (section 6 of article 16), and which is not contrary to any provision in section 2 of article 1, referring to the expropriation of private property for public purposes other than for levee purposes. As we have said, riparian property, as a condition of the owner's title, owes a servitude or easement in favor of the public; and the state was not obliged to allow any compensation for the taking or destroying of such property for levee purposes.

The judgment of the district court, in this case, dismissing the suit for want of a cause or right of action, is correct.