**FLETCHER et al. v. NINETEENTH LOUISI-ANA LEVEE DIST.**

No. 5110.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1936.

Joel L. Fletcher, of Colfax, for appellants.

Harry Fuller, of Winnfield, for appellee.

TALIAFERRO, Judge.

Plaintiffs own improved lands in section 16, township 7 north, range 4 west, fronting on Red river in Grant parish. They sold to defendant the right to construct a levee along the front of their land to protect it and other lands against overflow waters from the river. A levee of the grade and section required by the state board of engineers was built by defendant in 1933, and this suit was thereafter instituted by plaintiffs to recover damages alleged to have directly followed from the levee's construction. The itemized elements of damage and loss sued for are, viz.: Destruction of cotton, cane, and corn crops, due to impounding of rain water on land between the levee and the Louisiana Railway & Navigation Company track; deterioration of wire fencing; value of land taken and used and rendered valueless by said commissioners in their abortive attempts at ditching on said lands; loss of use of pasture lands during 1933 and 1934; loss of rental value of lands behind the levee; and, lastly, damages arising from the creation of a breeding place for mosquitoes, causing sickness, etc.

Defendant excepted to the petition on the ground that it disclosed no right and no cause of action. The exception was overruled. It is seriously urged here. Answer was filed, and plaintiffs thereafter, over defendant's objection, filed supplemental petition.

The case was tried on its merits, and plaintiffs' demands rejected. They have appealed.

In the course of a written opinion, the lower court stated that the exception, theretofore overruled, should have been sustained. We agree with this conclusion and, for this reason, have not given the substance of defendant's answers.

The act of transfer by which plaintiffs gave the levee commissioners the right to construct the levee on their lands is not attached to or mentioned in the petition. The inference arising from the averments of the petition, of course, is that the levee was constructed with plaintiffs' consent, as they do not sue for the value of the land or improvements thereon actually used or destroyed as a consequence of the levee's construction, but for damages collaterally resulting from its construction.

■ The exception inveighs against the petition in two respects, viz.: (1) That there is absent therefrom any averment that the lands of petitioners were assessed

on the tax roll for the year preceding that in which the alleged destruction thereof occurred; and (2) that the elements of damage sued for are not recoverable under section 6 of article 16 of the Constitution as amended in 1928 (see Act No. 165 of 1928 § 1) which, as far as pertinent to the present discussion, reads as follows:

"Lands and improvements thereon hereafter actually used or destroyed for levees or levee drainage purposes, * * * shall be paid for at a price not to exceed the assessed value for the preceding year."

It is indispensable to the disclosure of a right and cause of action in a suit of this character that it be affirmatively alleged that the lands, the value of which is sued for, were assessed for the preceding year. If not assessed, no recovery whatever may be had. Lacour v. Red River, Atchafalaya & Bayou Bœuf Levee District, 158 La. 737, 104 So. 636.

After defendant disclosed its position on the exception, plaintiffs tendered for filing their supplemental petition, wherein it was alleged that the lands were assessed for the preceding year. This was done after the exception had been overruled. The court overruled objection by defendant to the filing of the supplemental petition. However, allowance of the amendment could not and did not affect the status of things as fixed when and as of the time of filing of the exception. The efficacy of the exception must be determined as of the time when filed. If erroneously overruled and the case tried on its merits, the status of the case recurs to the time the exception was filed, if the judgment is reversed on appeal. Tuck v. Harmon et al. (La.App.) 151 So. 806.

In this case a writ of review was denied by the Supreme Court.

We are quite clear that none of the elements of damage sued for is recoverable by plaintiffs, except, possibly, the value of any lands actually destroyed in the efforts to drain the impounded rain waters from the levee and plaintiffs' lands. Foret v. Levee Com'rs, 169 La. 427, 125 So. 437; Ross v. Levee Com'rs, 180 La. 227, 156 So. 230; Mayer v. Levee Com'rs, 177 La. 1119, 150 So. 295.

The allegations of the petition are not clear in this respect. The facts, accurately alleged upon, may disclose a right to recover. Plaintiffs should have another day in court to adequately present their case on this point.

In this connection, reference is made to judgment this day rendered by us in the companion case of Wm. E. Weeks v. Nineteenth Louisiana Levee District, 165 So. 491, wherein the issues are practically identical with those in the present case.

For the reasons assigned, the judgment appealed from is amended by dismissing plaintiffs' suit as in case of nonsuit, and at their cost.