## BRESHERS v. NINETEENTH LOUISIANA LEVEE DIST.

### No. 5083.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1936.

Joel L. Fletcher, of Colfax, for appellant.

Harry Fuller, of Winnfield, for appellee.

DREW, Judge.

Plaintiff instituted this suit for himself and as assignee of the other three plaintiffs against the Nineteenth Louisiana Levee District for damages alleged to have been caused to his and his assignors' growing crops, due to the alleged wrongful stopping up of drains on the lands which he and his assignors had leased. He further alleged that the drains were stopped when a levee was constructed across the lands of his and his assignors' lessor. There is no other allegation or claim for damages.

To the petition defendant filed an exception of no right or cause of action, and also an exception of lis pendens.

The lower court sustained both exceptions and dismissed plaintiffs' suit, and the case has been appealed to this court.

The only question involved in the case was presented to this court in the case of Lacour v. Red River, Atchafalaya & Bayou Bœuf Levee District, 158 La. 737, 104 So. 636. This court applied to the Supreme Court of the state for instructions, and propounded, among others, this question: Does the law of Louisiana which allows compensation for lands and improvements actually used or destroyed for levee purposes, allow compensation also for the destruction of growing crops? The Supreme Court answered the question in the negative and held that under article 16, section 6 of the Constitution of the state of Louisiana, relating to payment for property used or destroyed for levee purposes, no recovery can be had for the destruction of growing crops. Lacour v. Red River, Atchafalaya & Bayou Bœuf Levee District, supra.

Also see the case of Wm. E. Weeks v. Nineteenth Louisiana Levee District (La. App.) 165 So. 491, decided this day.

It therefore follows that the exception of no right or cause of action was properly sustained by the lower court, and it becomes unnecessary to pass upon the other exception.

The judgment of the lower court is therefore affirmed, with costs.