## WEEKS v. NINETEENTH LOUISIANA LEVEE DIST.

### No. 5082.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1936.

Joel L. Fletcher, of Colfax, for appellant.

Harry Fuller, of Winnfield, for appellee.

HAMITER, Judge.

William E. Weeks, a resident of Marion county, Ala., seeks judgment against the Nineteenth Louisiana Levee District for alleged damages caused him in the construction of a levee over and across certain property claimed by him as owner.

The material allegations of plaintiff's petition are that he is the owner and in possession of 120 acres of land in Grant parish; that he was wrongfully induced to sign a right of way deed in favor of defendant, permitting the construction of a levee on his property, and that he received no payment or other consideration therefor; that the said levee was erected in the year 1933, and that 5 acres of his land were used as a right of way; that 60 acres of the tract were left outside of the levee, rendered inaccessible, and subjected to increased flood waters; and that no method of escape has been provided for surface waters which have accumulated on the inside of such structure and have caused damage to crops.

There is no allegation in the petition relating to the assessed value of the property for the year preceding the one in which the levee was constructed and the alleged loss occurred.

Plaintiff claims damages as follows:

(1) $250 for the use of land as right-of-way.

(2) $1,000 for rendering the property outside the levee inaccessible, and subjecting it to additional flood waters.

(3) $400 for loss to crops of cotton and corn in 1933 on lands inside of levee.

(4) $200 because of inability to plant crops in 1934 on last-mentioned property.

To this petition, defendant proposed an exception of no cause of action which was overruled, and the case was then ordered to trial on its merits.

This trial was completed on September 21, 1934, after which defendant renewed its exception and again it was overruled, and the cause was then submitted to the court for adjudication.

On November 16, 1934, almost two months after such trial and submission of the case, plaintiff tendered a supplemental petition which alleged, among other things, the assessed valuation of the land for the year 1932. The court, on objection of defendant, refused to allow it.

There was judgment rejecting plaintiff's demands, and he has appealed.

In this court, defendant insists that its exception of no cause of action which was interposed to the original petition should have been sustained.

In his written opinion which is in the record, the trial judge, in referring to the exception and to the question of allowing the supplemental petition, stated:

"After the case had been closed and submitted the plaintiff filed a supplemental petition setting out the assessed value of the land, and counsel for defendant objected to this as coming too late after the trial was had and concluded.

"After the case was tried and submitted the exception of no cause of action was pressed again and based upon the failure to allege upon the assessment. This point had been raised and forcefully urged at the outset, but for some reason the plaintiff's counsel did not see fit to amend and set this out or rely upon this as a basis for damages. * * *

"The court thinks that the supplemental petition, in view of what has transpired in the case, has come too late. The record has been fully made up and the case definitely closed. The plaintiff had plenty of time in which to make the necessary amendments to the pleadings in due time, and especially since his attention was called to the point at issue. It appears that the exception of no cause of action was over-

ruled by me, but I now think that I should have sustained it at the outset."

We agree with the trial judge that the exception of no cause of action filed to the original petition was well founded, and should have been sustained at the outset.

The authority for obtaining compensation for property used or destroyed for levee purposes is found in article 16, section 6 of the Louisana Constitution, as amended in 1928 (see Act No. 165 of 1928, § 1); the pertinent portion of which provides as follows:

"Lands and improvements thereon hereafter actually used or destroyed for levees or levee drainage purposes, and for acquiring property within the limits of any duly incorporated municipality of one hundred thousand population or over to be used for constructing new streets or highways where it was necessary to take a previously existing street or highway for levees or levee drainage purposes, shall be paid for at a price not to exceed the assessed value for the preceding year; provided, that this shall not apply to batture, nor to property the control of which is vested in the state or any subdivision thereof for the purpose of commerce; and provided, further, that streets and highways within the. limits of any duly incorporated municipality of one hundred thousand population or over shall be restored by the governing authorities of the levee district upon the new location so acquired in order to replace any street or highway actually used or destroyed for levees or levee drainage purposes, and such street or highway shall be of a similar type or character as that of the street or highway used or destroyed."

The case of Lacour v. Red River, Atchafalaya & Bayou Bœuf Levee District, 158 La. 737, 738, 104 So. 636, presents a situation somewhat similar to the one before us. In that case compensation was sought for losses alleged to have been caused by the levee board moving a levee inland on the plaintiff's farm. The claim was for the loss of growing crops and the cost of moving buildings and fences. The suit was dismissed on an exception of no cause or right of action. Plaintiff appealed to this court, and we sought instructions from the Supreme Court under the authority of section 25 of article 7 of the Constitution. Quoting from the opinion in that case, we find the following questions being propounded:

"First. Does the law of Louisiana, which allows compensation for lands and improvements actually used or destroyed for levee purposes, allow compensation also for the destruction of growing crops?

"Second. Does the law of this state allow compensation for the cost of moving buildings and fences from land that is taken for levee purposes?

"Third. Does the law allow compensation for property used or destroyed for levee purposes if the property was not assessed for taxes in the last year before it was so used or destroyed?

"Fourth. Is it necessary for the plaintiff to allege, in a suit for compensation for the loss of property used or destroyed for levee purposes, that the property was assessed for taxes in the preceding year?"

In answering the above questions, the court said:

"Our answer to the first, second and third questions propounded is: No. Section 6 of article 16 of the Constitution makes the levee districts liable only for the loss of lands and improvements thereon, used or destroyed for levee purposes, or for levee drainage purposes, and limits the value of such lands and improvements to the assessed value for the preceding year. * * *

"Our answer to the fourth question propounded is: Yes; it·is necessary for the plaintiff, in a suit for compensation, for property used or destroyed for levee purposes, to allege that the property was assessed for taxes in the preceding year, and to allege what the amount of the assessment was, for that is all that the plaintiff could have a right of action for. When a right of action depends for its existence upon a statutory or constitutional grant, it cannot extend beyond the terms of the grant. Ward v. Board of Levee Com'rs, 152 La. 158, 92 So. 769."

The Supreme Court in that case decreed that the judgment dismissing the suit for want of a cause of action was correct.

Applying the doctrine announced in the Lacour Case to the allegations of the petition under consideration, we find that plaintiff has failed to set forth the assessed value of the property for the preceding year, as is essential, and that his claim for compensation for the destruction of crops is not allowable under the law of this state. Accordingly, the exception of no cause of action should have been sustained.

■ Having reached this conclusion, the supplemental petition tendered by plaintiff, after the trial of the case on its merits, must necessarily be disallowed, for there is nothing for it to amend.

"After an exception of no cause or right of action is, or should have been, sustained, an amendment comes too late, as there is then nothing to amend." Tuck v. Harmon (La.App) 151 So. 806, 807.

For the reasons stated, the judgment overruling the exception of no cause of action is reversed, and such exception is now sustained and plaintiff's suit dismissed as of nonsuit. Plaintiff is to pay costs of both courts.