The lower court in a written opinion has correctly stated the issues and found the facts in this case. It is as follows:
"Plaintiff sues the defendant for damages in the sum of $1150.00 and for a cause of action alleges that she is the owner of 60 acres of land in the Parish of Red River, and that the defendant, without the knowledge or consent of plaintiff, trespassed upon said land and `widened and deepened a natural drain that had heretofore amply drained said lands', and that in the process of doing said work *Page 430 
the defendant piled large piles of dirt on both sides of said canal out into the fields of plaintiff; that said canal was widened and deepened through plaintiff's property dividing same into two parts, and failed to construct a bridge across said canal for the use of plaintiff; that the method of piling the spoil dirt on the banks of the canal caused water to back out into the fields `thereby damaging your petitioner's crop considerably'. Plaintiff itemized her damage as follows:
3 acres of land actually used and destroyed $ 300.00 Land covered by backing water, 6 acres 600.00 Failure to provide means of ingress and egress across said canal 250.00 -------- $1150.00
"Defendant denies that it `actually used or destroyed' any of plaintiff's property and is not liable to plaintiff in any sum, under Article 16, Section 6 of the Constitution, and, in the alternative, alleges that the spoil dirt was placed on the land within 100 feet of the improved natural drain, as authorized by Act 61 of 1904, and is therefore not liable to plaintiff in any sum.
"The evidence discloses that the defendant improved Flat Bayou, a natural drain, by widening and straightening and deepening same to some extent, and the dirt removed was piled on the banks of the improved natural drain. This dirt was placed in piles along the bank, with openings between same to permit drainage from the open land to enter the canal. The dirt piled actually covered 1.28 acres of land. According to the testimony and the pleadings, approximately three acres of land was used by defendant on which the dirt was piled, that is to say, the spoil dirt was placed in piles away from the bank of the canal, so that measuring the land from the outside of the spoil bank to the canal bank, the land on which the spoil dirt was piled, contains approximately three acres. However, it does not appear from the testimony that the natural drain was enlarged to any extent; if so, the amount of plaintiff's land used in making the enlargement is not shown; and the maps filed in evidence indicate that little, if any, of plaintiff's land was so taken.
"There is no evidence as to the amount of crops, the kind or value, that were destroyed by backwater, as alleged by plaintiff. However, in view of the law hereinafter referred to this becomes immaterial.
"Article 1, Section 2 of the Constitution provides:
"`* * * except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.'
"The exception provided in the Constitution is found in Article 16, Section 6, and reads as follows:
"`Lands and improvements thereon hereafter actually used or destroyed for levees or levee drainage purposes * * * shall be paid for at a price not to exceed the assessed value for the preceding year * * *.'
"The building of levees and the construction of drainage systems fall within the police power of the State and the State may, under its police power, deny recovery for property damaged in construction of levees. However, the State has not seen fit to deny to property owners the right to recover damages for property taken or used in the construction of levees or drainage systems, but on the contrary, Section 6, Article 16 of the Constitution provides that the lands and improvements so used shall be paidfor at a price not to exceed the assessment value of the property.
"The Legislature by Act 61 of 1904 has limited the police power to 100 feet on each side of a natural drain. The Act reads:
"`The various Levee and Drainage Districts of this State shall have control over all public Drainage Channels within the limits of their respective Districts and for a space of one hundred feet on each side thereof, selected by the District and recommended and approved by the Board of State Engineers * * *.'
"Therefore, as we read the various laws and constitutional provisions, we are of the opinion that with respect to natural drains, a levee board may improve same within 100 feet of the natural drain, and insofar as this 100 feet of land is concerned, the Board must pay for all that portion thereof that is `used or destroyed' at not exceeding the assessed value, and when the Board passes beyond the 100 *Page 431 
feet and desires to use and destroy land or improvements beyond this line, then the Board must expropriate such additional property and pay for same at its actual cash value.
"Weeks v. [Nineteenth] Louisiana Levee District. [La.App.], 165 So. [491], 492; Petit Anse Coteau Drainage District v. Iberia 
V.R. Co., 124 La. 502 [50 So. 512].
"We think that under the facts established that the defendant may be said to have used all of plaintiff's property from the bank of the natural drain to the outside of the spoil dirt banks which, according to the allegations of the petition and the proof, consists of approximately three acres. The assessed value of this land is $40.00 per acre, therefore, plaintiff is entitled to recover from defendant judgment in the sum of $120.00.
"Plaintiff, on trial of the case offered evidence to show the actual value of the land but an objection was made to the testimony on the ground that damages for land taken and destroyed is fixed on the assessed value. The evidence was admitted subject to the objection and the objection and ruling made general as to all similar testimony. The objection should have been sustained. Plaintiff had not alleged the assessed value of her property but offered proof of the assessed land value without objection. Defendant also offered in evidence the assessment rolls for the years 1938 and 1939, subject to its objection as to the right of plaintiff to offer proof of the actual value of the property as heretofore made. However, no objection was made as to the proof of the assessed value of the land, the objection going only to the proof of the actual value. Hence, the evidence as to the assessed value of the property was introduced without objection, which had the effect of enlarging the pleadings to that extent.
"From the foregoing we hold that insofar as the improvement of a natural drain is concerned, a Levee Board may, without further action on its part, take or use any portion of the lands or improvements within 100 feet of the natural drain, subject to the obligation of paying therefor the assessed value of the property so taken or used without right on the part of a plaintiff to recover damages for inconvenience or other consequential damages such as lack of drainage to other parts of plaintiff's property. In any event, plaintiff failed to prove any damages to other parts of her property.
"For the reasons assigned herein and by agreement of the parties as to time and place of rendition of this judgment, —
"It is ordered, adjudged and decreed that the plaintiff, Mrs. Maggie Shephard Scott, do have and recover judgment against the defendant, Board of Commissioners of the Red River and Bayou Pierre Levee Drainage District, in the full sum of $120.00, together with all costs of this suit.
"It is further ordered, adjudged and decreed that the fee of the expert witnesses (engineers) are hereby fixed at $25.00 each and taxed as costs of court."
Defendant is prosecuting this appeal.
Defendant's sole contention is that since it has not made use of any of plaintiff's land outside of the 100 feet on each side of the canal, which was used to pile up the spoil dirt taken from the canal, it has not taken or destroyed any of plaintiff's land. It relies upon Act 61 of 1904, which provides as follows:
"Section 1. Be it enacted by the General Assembly of the State of Louisiana, That the various Levee and Drainage Districts of this State shall have control over all public Drainage Channels within the limits of their respective Districts and for a space of one hundred feet on each side thereof, selected by the District and recommended and approved by the Board of State Engineers, whether such drainage channels have been improved by the Levee or Drainage District, or have been adopted without improvement as necessary parts of or extensions to improved drainage channels; and shall have authority to adopt rules and regulations for preserving the efficiency of said Drainage Channels."
Its contention is that since the drainage improved by it was a natural drain, the above Act authorized the use of 100 feet on each side of the canal for the purpose it was used in this case without any liability on its part to pay for that portion of the 100 feet of land used to place the soil dirt. It contends that if the drain were man-made or artificial, plaintiff's claim would be meritorious. It does not question the correctness of the amount of the award made by the lower court, if its application of the law is correct. *Page 432 
Plaintiff has answered the appeal waiving her claim to any other damage above the amount allowed by the lower court except for $250.00, the alleged cost of constructing a bridge across the canal on plaintiff's property, for which amount she claims she should have judgment.
We will first dispose of plaintiff's claim for the cost of constructing a bridge across the canal on her property. The record discloses that a bridge was erected across the canal at a place where the settlement road previously crossed the drain. This bridge is only a couple of hundred yards from plaintiff's property and although it is more inconvenient, it serves all purposes for crossing to the other side of plaintiff's property. The Louisiana Constitution, Section 6 of Article 16, provides that lands and improvements thereon hereinafter actually used or destroyed for levee or levee drainage purposes shall be paid for at a price not to exceed the assessed value for the preceding year. Under this provision our courts have held that damages caused by destruction of growing crops for levee purposes are not recoverable. Lacour v. Red River, Atchafalaya Bayou Boeuf Levee District, 158 La. 737, 104 So. 636; Weeks v. Nineteenth Louisiana Levee District, La.App., 165 So. 491, 492.
In this last case it was also held that the cost of moving buildings and fences from land used or destroyed for levee purposes cannot be recovered, and that failure to allege that the land was assessed and the amount of assessment fails to state a cause of action. A proper deduction from these decisions is that only the property used or destroyed which has been assessed the year previous can be collected for and therefore the failure to construct a bridge across a drainage canal for the convenience of the landowner does not come within the provisions of the Constitution requiring the District to pay for the property used or destroyed. The lower court correctly overruled this claim.
Appellant's contention that the drainage District does not owe any amount for the use or destruction of the land of a width of 100 feet on each side of the drainage canal, since Act No. 61 of 1904 gives to it control of such lands, is, in our opinion, without merit.
It is our opinion the control vested in the drainage District by said Act has reference only to maintaining the efficiency of the canal after it has been constructed and does not vest ownership of the strip of land in the drainage District. That is also the opinion of the Orleans Circuit Court of Appeal as in the case of Martin v. Gravity Drainage District No. 14 of Parish of St. Landry, La.App., 143 So. 93, 94, the Court said:
"Defendant's pretended control over plaintiff's property is based on the provisions of Act No. 61 of 1904. We have examined that statute, and find that it gives to levee and drainage districts in this state control over all public drainage channels, within the limits of their respective districts, and for a space of one hundred feet on each side thereof. Section 2 of the act, which prescribes a penalty for violation of the regulations prescribed by the district, shows clearly that the control so vested has reference only to maintaining the efficiency of the canal after it has been constructed, and cannot in any way be construed as taking away from the property owner his right to recover the value of his property used in constructing it."
The Court also held in that case that plaintiff was entitled to recover for the land within the 100-foot strip on which the spoil dirt was piled. Piling the spoil dirt on the land was using or destroying it for drainage purposes. We think this case likewise disposes of appellant's contention that a different rule prevails as to a natural drain and an artificial one in applying Act 61 of 1904. In that case, although the drain was an artificial one, it was constructed many years prior to the time the work of straightening and deepening was performed, which gave rise to the suit. At the time the work was done the drainage ditch had been maintained for many years as such and for all purposes was not different from a natural drain in the same District.
In Petit Anse Coteau Drainage District v. Iberia V.R. Co.,124 La. 502, 50 So. 512, 518, the Court had the following to say:
"It is true that the law * * * contemplates the expropriation of property, and payment therefor, when new drains are cut, but we do not understand it to mean that the owner of land through *Page 433 
which an old, natural, drain passes is to be compensated for such shovelfuls of earth as are removed in making such drain efficient."
Exactly what the Court means by this statement is, to our minds, obscure. We do not think it is clear enough to be used as authority for the position taken by appellant that the drainage District owes nothing to the landowner for its use or destruction of the 100 feet on each side of the drainage canal, even if it is used only to pile the spoil dirt taken from the canal. The land covered by the spoil dirt is destroyed for all other use and it is our opinion the landowner can recover for its use or destruction.
We find no error in the judgment of the lower court and it is affirmed with costs.