## GENERAL BOX CO. v. UNITED STATES.
### Civ. Nos. 2536, 2804.

United States District Court
W. D. Louisiana, Monroe Division.

Jan. 2, 1951.

Fred G. Benton, Baton Rouge, La., Carl A. Chadwick, Natchez, Miss., Barnett, Barnett & Jones, Jackson, Miss., Jackson B. Davis, Shreveport, La., for plaintiff.

Harvey L. Carey, William J. Fleniken, Shreveport, La., for defendant.

DAWKINS, Chief Judge.

In these two cases the same plaintiff sues, in the first, the United States and Pioneer Contracting Co., Inc. (called Pioneer), and in the second, the Government alone, for the value of timber alleged to have been owned by plaintiff apart from the land and which was destroyed in the process of building or repairing levees on the Mississippi River.

In both cases, motions to dismiss, on substantially the same grounds, were filed, save in the first there was the additional contention that the Government could not be joined as a defendant with Pioneer. Thereafter, the plaintiff was allowed to dismiss its complaint as to this defendant. Otherwise, the grounds of the motions to dismiss are:

(1) That plaintiff was not domiciled in the Western District of Louisiana. (This plea to the jurisdiction was by agreement of counsel waived); and

(2) The petition does not state a claim upon which relief can be granted, including the contention there can be no recovery for the timber because it was not assessed for taxes by the State of Louisiana and its subdivisions.

Counsel for the Government concedes that private persons are permitted to sue the United States in two types of cases: (1) Subsection (a) of Section 1346, Title 28 U.S.C.A., The Tucker Act; and (2) Subsection (b) of Section 1346, Title 28 U.S.C.A., The Federal Tort Claims Act; but claim these demands fall into neither category, but are controlled by the provisions of Section 702(c) of Title 33, U.S.C.A., The Flood Control Act. In Tilden v. United States, D. C., 10 F.Supp. 377, this Court held that a plaintiff similarly situated was entitled to recover the value of the property destroyed, in spite of the provisions of the State Constitution of 1921, Article XVI, Section 6, which limits the recovery to the assessed value of the property "used or destroyed". However, it is sought to distinguish the present cases on the grounds that in the Tilden case, supra, 1) the plaintiff was the owner of the land taken for levee purposes to be turned over to the state "without costs," except that the latter was to maintain and keep in repair said levees, while here the plaintiff owns the timber alone; 2) that the Government was enlarging the levee, which necessarily admits that the State or Levee Board "was owner thereof" and that the latter "had already either appropriated or expropriated the right-of-way for the levee," which makes it "obvious that the United States, when it per-

formed this work, was the agent of the owner of the levee"; and 3) that under Section 702(c) of Title 33, U.S.C.A., The Flood Control Act of 1928, as amended, there can be no expenditure for the purpose here sought "except when authorized by the Secretary of the Army upon the recommendation of the Chief of Engineers," or "until the States or levee districts have given assurance satisfactory to the Secretary of the Army that they will * * * (c) provide without cost to the United States, all rights of way for levee foundations and levees on the main stem of the Mississippi River between Cape Girardeau, Missouri, and the Head of Passes."

Attention is also directed by counsel for the Government to the decision of the State Supreme Court in Dickson v. Board of Commissioners of Caddo Levee District, 210 La. 121, 26 So.2d 474, 481, wherein the obligations or servitudes resting upon riparian lands on a navigable stream were discussed, and in which it was held that the failure of a plaintiff to allege that the property used or destroyed had been assessed for taxes for the preceding year and the amount thereof "discloses no cause of action". In the case thus cited, it is true that the Supreme Court of the State went at length into the history, jurisprudence, statutory and constitutional law of the State of Louisiana as they affect the rights of owners of property fronting on a navigable stream, as well as the nature of the servitude in favor of the public with respect to levees, public roads, etc., prior to the Constitution of 1921. It pointed out correctly that prior to the incorporation of Section 6, Article XVI, in the State Constitution, the riparian owner, outside of the Parish of Orleans, was without recourse when his property was taken for those purposes. However, the court affirmatively found that property was "used or destroyed for levee purposes within the contemplation of this provision of the Constitution of 1921 and is, therefore, compensable in accordance with the provisions of [Section 6], i. e., at a price not to exceed the assessed value for the year preceding * * *," but that the plaintiff "having

failed to allege" that it had been so assessed "discloses no cause of action", citing the court's earlier decision of Lacour v. Red River, etc., 158 La. 737, 104 So. 636. However, in the present case the plaintiff bases its right to sue the Government on the provisions of both the Tucker and the Federal Tort Acts. It claims compensation under the Flood Control Act of 1928, as amended, and not the law of the state. Whether it will be able to establish a right of recovery, as on an implied promise under the Tucker Act, or for tort, Subsection (b), of Section 1346, Title 28 U.S.C.A., will depend upon the facts proven at the trial. Plaintiff points out that in neither case does the claim amount to $10,000, the minimum under the Tucker Act.

As held in the Tilden case, supra, it is believed complainant alleges a cause of action which should be tried on its merits.

The motions to dismiss will be overruled.