374 So.2d 197 (1979)
Donna Daigle, Wife of/and Charleston J. TROSCLAIR
v.
CHICAGO TITLE INSURANCE COMPANY.
No. 10259.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1979.
Jean E. Senac, Frank A. Silvestri, Mark J. Davis, New Orleans, for plaintiffs-appellants.
Milling, Benson, Woodward, Hillyer, Pierson & Miller, Joseph E. LeBlanc, Jr., New Orleans, for defendant-appellee.
Before GULOTTA, STOULIG and BEER, JJ.
BEER, Judge.
Appellants purchased their home from Louisiana Management Services, Inc. Pringle financed the purchase and holds a first mortgage on the property. Chicago issued a policy of title insurance to Pringle.
Thereafter, appellants were obliged to incur legal expenses in their defense of a suit first filed in United States District Court for the Eastern District of Louisiana and then refiled in the 24th Judicial District Court for the Parish of Jefferson, which claimed title to their property (and that of others in the same tract). Pringle, also a defendant in those proceedings, affirmatively defended in its own behalf and ultimately, with Chicago, apparently provoked settlement of the litigation but took no action directly in behalf of appellants. Thereafter, appellants' claim against Chicago and Pringle for reimbursement of costs incurred in defending the above noted lawsuits (and for other damages sustained by them as a result thereof) was dismissed on exceptions. They devolutively appeal.
Appellants rely upon LSA-C.C. art. 1890 in support of their contention that the title insurance issued by Chicago to Pringle conferred a benefit to them sufficient to cause them to stand in the same position as a named insured.
The policy designates "Pringle Associated Mortgage Corporation, their successors and assigns" as the insured and refers to the Act of Mortgage executed by appellants in favor of Pringle, but there are no provisions of the policy which indicate or imply that appellants are additional insureds. Nor is there wording in the policy (or elsewhere in the record) to indicate that Pringle ever intended to act for anyone other than itself in obtaining such coverage.
Though appellants argue that a portion of their purchase price was attributable to the price of the title insurance, the record indicates only the insurance premium of $211 was paid for at the act of sale by the seller, Louisiana Management Services, Inc.
We must also reject appellants' contentions regarding unjust enrichment, since *198 the record fails to disclose any alleged enrichment of Pringle or Chicago resulting from the impoverishment of the Trosclairs.
The judgment is affirmed.
AFFIRMED.