LABORDE, Judge.
This suit is one of two cases consolidated below and appealed to us. We render a separate decision in Sklar, et ux. v. Natchitoches Levee and Drainage District, et al., 386 So.2d 712 (La.App. 3rd Cir. 1980). Plaintiffs appeal from the dismissal of their suit for compensation due them for land taken for levee construction. The trial court dismissed the action on an exception of no cause of action filed by defendant Natchitoches Levee and Drainage District.
The defendant district argued that plaintiffs failed to include the necessary allegations in their petition, that the law at the time of the appropriation only provided for a gratuity at the discretion of the levee district, and that current law (R.S. 38:281) provides for compensation only in suits filed after or pending on July 10, 1978.
The trial court sustained the exception, holding that the appropriation by resolution of the levee board did not constitute the “suit” mentioned in R.S. 38:281. We agree that no suit was pending, but reverse the action of the trial court and remand the case with instructions that plaintiffs be allowed to amend their petition to allege a cause of action.
Article XVI, Section 6 of the 1921 Constitution provided that:
Lands and improvements thereon hereafter actually used or destroyed for levees or levee drainage purposes, . shall be paid for at a price not to exceed the assessed value of the preceding year

The characterization of the payment in the past as a gratuity, Richardson & Bass v. Board of Levee Commissioners, 77 So.2d 32 (La.1954), does not imply that it is discretionary; on the contrary, the quoted language mandates payment. The payment was said to be a gratuity since an appropriation under the riparian servitude created by C.C. Art. 665
by a Levee Board for levee purposes neither conveys a title to the Board nor does *711 the payment of the assessed value of the owner operate as a transfer of title.[1]
The trial judge held that since plaintiffs had not filed suit prior to July 10, 1978, they did not have a cause of action under R.S. 38:281. A review of the history of R.S. 38:281 and Article XVI, Section 6 of the 1921 Constitution leads us to believe they do have a cause of action.
R.S. 38:281 was amended by Act 314 of 1978, effective July 10, 1978, to add a new subsection B concerning compensation. The fourth paragraph of that subsection prior to the 1979 amendment read:
The compensation defined herein shall apply to all lands and improvements taken, damaged or destroyed for levee and levee drainage purposes after the effective date of this Act, and to the determination of just compensation in any expropriation or appropriation suit pending on July 10, 1978, involving lands and improvements taken, damaged or destroyed for levee and levee drainage purposes.
The statute was amended by Act 676 of 1979 to read as follows:
The compensation defined herein shall apply to all lands and improvements appropriated, used or damaged for levees and levee drainage purposes after the effective date of this Act, and to lands appropriated, used or damaged for levees and levee drainage purposes after July 10, 1978.
The preamble of that Act provided that:
Whereas, the Legislature of Louisiana enacted Act 314 of 1978 which contained provisions which were vague and indefinite particularly with respect to its retroactive application and with respect to lands used or destroyed for levees and levee drainage purposes for which fair market value must be paid; and
Whereas, these provisions should be clarified in order to set forth clearly the intention "of the Legislature of Louisiana in enacting said statute: .
We believe the intent of the Legislature in 1978 was to affect only those appropriations after the effective date of the 1978 act. Regardless, plaintiffs still have a cause of action under Article XVI, Section 6 of the 1921 Constitution which has been carried forward as a statute by authority of Article 14, Section 16 of the 1974 Constitution and therefore it still has the effect of law. Accordingly, we hold that plaintiffs still have a cause of action under the old law.
When a landowner sues for compensation under Art. 16, Section 6 of the 1921 Constitution, the jurisprudence has required an affirmative allegation that the property was assessed the previous year. Lacour v. Red River, Atchafalaya & Bayou Boeuf Levee District, 104 So. 636, 158 La. 737 (La.1925). Plaintiffs petition lacks this allegation. This point was not raised below, but was raised in appellee’s brief. Lacour and similar cases prior to the enactment of the Code of Civil Procedure had sustained the dismissal of actions without the necessary allegation. The Code of Civil Procedure, Art. 934, now provides that plaintiff must be given an opportunity to cure the defect by amendment.
Therefore, we reverse the trial court’s dismissal for no cause of action and remand the case for further proceedings with instructions to allow plaintiffs an opportunity under C.C.P. Art. 934 to cure any defect in their pleadings. Cost of this appeal are taxed to defendant-appellee.
REVERSED AND REMANDED.

. Richardson & Bass v. Board of Levee Commissioners, supra.