**Ronald Alan McKENZIE,**
**et ux., Appellant,**

v.

**COLUMBIAN NATIONAL TITLE**
**INSURANCE COMPANY,**
**Respondent.**

No. WD 51973.

Missouri Court of Appeals,
Western District.

Aug. 13, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 1, 1996.

Application to Transfer Denied
Nov. 19, 1996.

Kenneth C. Hensley, Raymore, for Appellant.

John Michael Crossett, Liberty, for Respondent.

Before HANNA, P.J., SMART and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

This case is an appeal of an order granting summary judgment to the respondent, the Columbian National Title Insurance Company, against the appellants, Mr. and Mrs. McKenzie. Jurisdiction is properly vested in this court. Appellants' two points on appeal both contest the entry of summary judgment against them.

## FACTS

In 1986, appellants purchased the property at issue in this case from Lakeland State Bank (Lakeland). Lakeland financed the purchase price as well as an amount equal to the purchase price for home improvement purposes. In return, Lakeland took a deed of trust on the subject property. Lakeland also requested a commitment for a loan policy of title insurance on the subject property from Sunrise Title Company, the issuing agent for respondent. The policy was issued to Lakeland after closing.

Shortly after closing, appellants sought to sell the property. During this process, they were alarmed to discover a twenty foot wide strip of land through the property which was not included in the legal description in either the deed or the title insurance. Appellants claim the property was thereby rendered unmarketable. Lakeland was later closed by bank regulators and their successor in interest, Community State Bank, foreclosed on the appellants' property.

Appellants sued respondent to recover as third party beneficiaries of the contract of insurance purchased from respondent by Lakeland. Respondent filed a motion for summary judgment and the motion was sustained.

## STANDARD OF REVIEW

Our review of an order granting summary judgment is essentially *de novo*. *ITT Commercial Finance Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered. *Id.* Facts as evidenced in affidavits or other documents supporting a party's motion are taken as true

unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* To be entitled to summary judgment, respondent must demonstrate that the facts are not in genuine dispute and show a legal right to judgment. *Id.* at 380.

## I.

Point I asserts that the trial court erred in entering summary judgment against appellants because the facts are in dispute concerning the intent of the parties to the title insurance contract. The intent of the parties is the basis for appellants' argument in their petition that they were third party beneficiaries of the title insurance policy purchased by Lakeland from respondent.

"A third party beneficiary is one who is not privy to a contract but to whom the law gives the right to maintain a cause of action for its breach." *Mitchell v. K.C. Stadium Concessions, Inc.,* 865 S.W.2d 779, 786 (Mo.App.1993). "Only those third parties for whose primary benefit the contracting parties intended to make the contract may sue on the contract. The intent of the contracting parties is of paramount importance to such an analysis." *Id.* (citations omitted). "The party need not be named in the contract, but the terms of the contract must clearly express an intent to benefit either that party or an identifiable class of which plaintiff is a member." *Id.* "The intention of the parties is to be gleaned from the four corners of the contract, and if uncertain or ambiguous, from the circumstances surrounding its execution.' *Laclede Investment Corp. v. Kaiser,* 596 S.W.2d 36, 41 (Mo.App. 1980)." *Terre Du Lac Ass'n v. Terre Du Lac, Inc.,* 737 S.W.2d 206, 213 (Mo.App.1987). "Third party beneficiary status depends not so much on a desire or purpose to confer a benefit on the third person, but rather on an intent that the promisor assume a *direct obligation* to him." *Id.*

This last sentence is the key to resolving this case. The requisite intent for third party beneficiary status is that the promisor (respondent) assume a direct obligation to appellants, and not just a desire or purpose that appellants benefit from the policy. In this case, respondent issued to Lakeland a loan policy as opposed to an owner's policy. The loan policy is intended to benefit the lending institution while an owner's policy is intended to benefit the purchasers of the property. As appellants argue, Lakeland might have had a desire or purpose of conferring a benefit on them by acquiring the loan policy. However, only the owner's policy would have expressed an intent that the respondent assume a direct obligation to appellants. The fact that the loan policy was chosen rather than the owner's policy demonstrates to us that the contract expresses a clear intent that appellants not be made third party beneficiaries of the contract. The parties cite us to no Missouri cases directly on point. However, this holding is consistent with the decisions of other states in this area. *See, e.g., Ortego v. First American Title Insurance Co.,* 569 So.2d 101, 106 (La.App. 1990); *Walters v. Marler,* 83 Cal.App.3d 1, 147 Cal.Rptr. 655, 675 (1978).

Appellants claim that there is a genuine issue of fact regarding the parties' intent. However, appellants admit in their brief that the intent of the parties is a legal, not factual, issue so long as parol evidence is not necessary to ascertain the parties' intent. No parol evidence is necessary here. The parties do not dispute that the contract presented to the court was the actual policy signed. The intention of the contracting parties is clear from the four corners of the document. Because of this, we find that the material facts were not genuinely disputed and that respondent showed a right to judgment as a matter of law.

Point denied.

## II.

Point II asserts the trial court erred in granting summary judgment because if they are third party beneficiaries, there are material issues of fact remaining in the case. This point has been rendered moot because of our holding in Point I, *supra,* that appellants are not third party beneficiaries.

Point denied.

## CONCLUSION

We affirm the trial court's order sustaining summary judgment in favor of respondent.

All concur.