**DANZIGER et al. v. UNITED STATES.**
Civ. A. No. 2730.

United States District Court
E. D. Louisiana. New Orleans Division.
Aug. 25, 1950.

Thomas E. Furlow, Arthur L. Ballin, New Orleans, La., for plaintiffs.

Norton L. Wisdom, Special Attorney, Department of Justice, New Orleans, La., for defendant.

WRIGHT, District Judge.

### Findings of Fact

1. On August 19, 1947, the Board of Commissioners of the Pontchartrain Levee District passed a resolution appropriating the necessary rights of way for the Diamond Levee Setback, Item M 127-O-L in St. Charles Parish, Louisiana, on the main stem of the Mississippi River.

2. On October 8, 1947, the Board of Commissioners of the Pontchartrain Levee District revoked the former resolution of August 9, 1947, and substituted a similar resolution of only slightly different wording, appropriating the necessary rights of way for Diamond Levee Setback, Item M 127-O-L.

3. The resolution of October 8, 1947 was passed pursuant to a letter from the State of Louisiana, Department of Public Works, dated August 25, 1947, reciting that the Department of Public Works had approved the plans and construction of Diamond Levee Setback, Item M 127-O-L in St. Charles Parish.

4. After the passage of the resolution of August 19, 1947, the Pontchartrain Levee District sent out notices by registered mail to all property owners of the fact that their land in question had been appropriated for levee purposes.

5. The Pontchartrain Levee District then set about the physical removal of improvements within the levee right of way through a contracting concern, namely, LeBlanc Bros. & Leo Cafiero, Inc., of Donaldsonville, Louisiana.

6. The United States of America, acting pursuant to the resolution of October 8, 1947, called for sealed bids on the project and awarded the construction of the levee setback to Walter P. Villere Company.

7. The successful bidder on the Diamond Levee Setback, M 127-O-L, commenced

construction in the month of December, 1947, after the removal of improvements from the levee right of way by the Pontchartrain Levee District.

## Conclusions of Law

1. The Diamond Levee Setback construction was authorized under the Flood Control Act, approved May 15, 1928, as amended.

2. In order to avail themselves of the benefits obtainable under the Flood Control Act, approved May 15, 1928, as amended, the levee districts concerned must agree to:

a. Maintain all flood control works after their completion except controlling and regulating spillway structures, including special relief levees. 33 U.S.C.A. § 702c (a).

b. Provide without cost to the United States, all rights of way for levee foundations and levees on the main stem of the Mississippi River between Cape Girardeau, Missouri, and the Head of the Passes. 33 U.S.C.A. § 702c (c).

3. Under the Act of Congress of June 15, 1936, as amended by the Act of August 18, 1941, the Levee District is entitled to reimbursement by the United States for actual expenditures for the project found by the Chief of Engineers to be reasonable in accordance with local legal procedure or custom. 33 U.S.C.A. § 702a—12(d).

4. There is imposed upon land along navigable streams in Louisiana a servitude in favor of the public for the purpose of constructing and repairing levees. Louisiana Civil Code, Art. 665; Dickson v. Board of Commissioners of Caddo Levee District, 210 La. 122, 26 So.2d 474.

5. Article 16, Section 6 of the Louisiana Constitution states that levee districts have the right to appropriate property along navigable streams for levee purposes and that the sum paid in compensation for such appropriation shall not exceed the assessed value of the property for the year preceding the appropriation.

6. There is no formal procedure which levee districts must follow in appropriating property. Pruyn v. Nelson Bros., 180 La. 760, 157 So. 585.

7. The taking of property by a levee district is an exercise of the police power of the state. Egan v. Hart, 45 La. Ann. 1358, 14 So. 244; Peart v. Meeker, 45 La.Ann. 421, 12 So. 490. Private injury from the exercise of a legal right is "damnum absque injuria." The effect of Article 16, Section 6, of the Louisiana Constitution is to bestow a gratuity on the riparian owner whose lands are appropriated for levee purposes, where formerly, no right of compensation existed. Dickson v. Board of Commissioners, supra.

8. The facts of the present case differ from Tilden v. United States, D.C., 10 F. Supp. 377 on two counts. First, in the Tilden case there was no resolution by the Levee District appropriating the property. Second, as the Act was then written it provided for the United States to take title to land and convey the title to the local authorities.

9. It is clear from the evidence and the testimony that the Pontchartrain Levee District and not the United States of America appropriated the necessary rights of way in connection with the construction of the Diamond Levee Setback. Consequently there is no basis for this action against the United States.

## Judgment

This cause came on for hearing on the 4th day of August, 1950, on defendant's motion to dismiss for lack of jurisdiction, and the court having heard and considered the pleadings and exhibits thereto, the documents and affidavits filed in support of defendant's motion and the testimony of the witnesses, and having made findings of fact and conclusions of law, it is now ordered, adjudged and decreed, as follows:

1. That defendant's motion to dismiss be treated as a motion for summary judgment.

2. That the motion for summary judgment in favor of the defendant and against the plaintiffs be granted.

3. That this action be dismissed.

4. That the costs be adjudged against the plaintiffs.