GUIDRY, Judge.
The plaintiff, Toxie Givens, brought this suit seeking compensation for property appropriated by the defendant, the Board of Commissioners for the Fifth Louisiana Levee District (hereafter referred to as the Levee Board). The trial court awarded plaintiff $67,800.00 as the fair market value of the property taken together with legal interest thereon. The Levee Board appeals.
The Levee Board asserts that the trial court erred (1) in overruling the defendant’s exception of prescription; and, (2) in overruling the defendant’s exception of no cause of action.
*783 FACTS
The Levee Board passed a resolution appropriating the plaintiffs property on August 15, 1973. On September 10, 1973, the contract for the levee enlargement work was awarded. On September 23, 1973, the contractor began work under the contract. The work under the contract was completed on December 13, 1976. The plaintiff filed this suit for compensation on July 7, 1978. The plaintiffs petition prayed for compensation in an amount equal to the fair market value of the property appropriated for levee purposes.
EXCEPTION OF PRESCRIPTION
The relevant prescriptive period is found in LSA-R.S. 9:5626, which provides:
“When lands are appropriated for levees or levee drainage purposes all claims and actions for payment under Article XVI, Section 6 of the Constitution of 1921 for lands and improvements thereon actually used or destroyed for levees or levee drainage purposes shall prescribe within two years from the date on which the property was actually occupied and used or destroyed for construction of levees or levee drainage works, or, in the case of lands and improvements heretofore so occupied and used or destroyed, such prescription shall accrue two years from November 17, 1958. This prescription shall run against interdicts, married women, absentees, minors, and all others now excepted by law.” (Emphasis supplied).
Article XVI, Section 6 of the Constitution of 1921 provided that the amount of compensation to be paid for land used or destroyed for levees or levee drainage purposes was not to exceed the assessed value of that land for the preceding year. When the Constitution of 1974 became effective, Article XVI, Section 6 of the 1921 Constitution was continued in force as a statute until such time as the legislature would enact a new formula for determining the amount of compensation to be paid to owners of land appropriated for levees or levee drainage purposes. See Article 14, Section 32 of the Constitution of 1974.
The legislature changed the method of determining compensation to be paid for lands used or destroyed for levees or levee drainage purposes by passing Act No. 314 of 1978, amending LSA-R.S. 38:281. This act became effective on July 10, 1978. By the terms of Article 14, Section 32 of the Constitution of 1974, supra, Article XVI, Section 6 of the Constitution of 1921 continued in force as a statute until July 10,1978, the effective date of the amending act. The plaintiff filed this suit on July 7, 1978, three days prior to the effective date of the amending act. Therefore, the plaintiff’s suit is a claim for payment under Article XVI, Section 6 of the Constitution of 1921, and the applicable prescriptive period is that provided by LSA-R.S. 9:5626, supra.
The two year prescriptive period provided for by R.S. 9:5626 commences “from the date on which the property was actually occupied and used or destroyed.” The Levee Board argues that the plaintiffs property was “taken” on August 15, 1973, the date the Levee Board passed the resolution appropriating the property, and that prescription commenced on that date. This interpretation is contrary to the clear terms of the statute. None of the plaintiff’s property was actually occupied and used or destroyed by the mere passage of the resolution of appropriation. Our interpretation is that prescription commences on a claim for compensation on the date operations are completed on the property of that claimant. Only upon completion of operations on the claimant’s property is the extent of the use and/or destruction ascertainable. We feel that “the date on which the property was actually occupied and used or destroyed” connotes the completion of such occupation, use and destruction.
This critical date, the date on which operations were completed on the property of the plaintiff, is not made clear by the record. The trial judge ruled that prescription commenced on December 13, 1976, the date on which the work authorized by the *784 Levee Board was complete. He overruled the exception because the plaintiffs filed suit on July 7, 1978, less than two years from December 13, 1976.
The operations on the land owned by the plaintiff may have been completed prior to the completion of all work under the contract. If such was the ease, the defendant Levee Board may have had a viable plea of prescription. However, the Levee Board failed to show when the operations on the plaintiff’s land were complete. Under these circumstances, they have not carried the burden of proving that the plaintiff’s claim has prescribed. Langlinais v. Guillotte, 407 So.2d 1215 (La.1981). We find no error in the trial court’s overruling of the exception of prescription.
EXCEPTION OF NO CAUSE OF ACTION
The Levee Board’s exception of no cause of action is based on the plaintiff’s failure to allege the assessed value of the property appropriated by the Levee Board. When the plaintiff’s suit was filed on July 7, 1978, Article XVI, Section 6 of the Constitution of 1921 was still in effect as a statute. It provided, in pertinent part:
“Lands and improvements thereon hereafter actually used or destroyed for levees or levee drainage purposes ... shall be paid for at a price not to exceed the assessed value of the previous year...”
Our courts have held that a landowner, in order to state a cause of action under this provision, must affirmatively allege that the property was assessed for taxes in the preceding year and allege the amount of the assessment. Lacour v. Red River, Atchafalaya and Bayou Boeuf Levee District, 158 La. 737, 104 So. 636 (La.1925); Dickson v. Board of Commissioners of Caddo Levee District, 210 La. 121, 26 So.2d 474 (La.1946); Walker v. Natchitoches Levee and Drainage District, 386 So.2d 709 (La.App. 3rd Cir.1980). The plaintiff’s petition in the instant case did not allege that the property was assessed or the amount of the assessment, but rather alleged and prayed for the fair market value of the property appropriated.
Our resolution of the issue presented depends on an interpretation of the 1978 and 1979 amendments to LSA-R.S. 38:281. Act 314 of 1978, effective July 10, 1978, adding subsection B to the statute, creating a new basis for compensation. It provided in pertinent part:
“B. All lands and improvements, Orleans Parish excepted, hereafter actually used, damaged or destroyed for levees or levee drainage purposes shall be paid for fair market value to the full extent of the loss,

The compensation defined herein shall apply to all lands and improvements taken, damaged or destroyed for levee and levee drainage purposes after the effective date of this Act, and to the determination of just compensation in any expropriation or appropriation suit pending on July 10, 1978, involving lands and improvements taken, damaged or destroyed for levee and levee drainage purposes.”
This suit was pending on July 10, 1978. Therefore, the act required that compensation in this suit would be determined according to the fair market value of the property.
LSA-R.S. 38:281 was again amended the following year. Act 676 of 1979 amended subsection B to provide in part:
“The compensation defined herein shall apply to all lands and improvements appropriated, used, or damaged for levees and levee drainage purposes after the effective date of this Act, and to lands appropriated, used, or damaged for levees and levee drainage purposes after July 10, 1978.”
The 1979 act thus removed the provisions of the 1978 act making fair market value the basis for compensation in suits pending on July 10, 1978.
The plaintiff asserts that the 1978 act, providing for retroactive application of fair market value as the basis for compensation, created a vested right in the plaintiff *785 to recover that amount in his suit for compensation, and that the 1979 act could not constitutionally operate to remove that right. The Levee Board maintains that no substantive right vested in the plaintiff upon passage of the 1978 act, and that the plaintiff’s only remedy is for the assessed value of the property pursuant to Article XVI, Section 6 of the Constitution of 1921. The Board argues that since this is the plaintiffs only remedy, the plaintiffs petition fails to disclose a cause of action because it fails to allege that the property was assessed during the preceding year and allege the amount of that assessment.
The Supreme Court addressed this issue in the recent case of Terrebonne v. South Lafourche Tidal Control Levee District, 445 So.2d 1221 (La.1984), stating:
“We therefore hold that Act 314 of 1978 vested in plaintiffs, whose suit was pending on July 10, 1978, the substantive right to compensation measured at the fair market value of their property appropriated by a 1975 resolution of the District. Once vested, plaintiffs’ right to such compensation could not constitutionally be divested by Act 676 of 1979. La. Const. Art. I, § 23 (1974); U.S. Const. Art. I, § 10; Lott v. Haley, 370 So.2d 521 (La.1979).”
Applying these principles to the present case, we find that the 1978 act created a vested right in the plaintiff to seek the fair market value of the property appropriated by the Levee Board. Thus, the trial court was correct in overruling the exception of no cause of action.
The trial court awarded plaintiff the sum of $67,800.00. Neither party questions the amount determined by the trial court to be the fair market value of the property appropriated. Therefore, we will not disturb this finding.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to the defendant-appellant.
AFFIRMED.