## TOLBERT v. COUNTY OF CALDWELL

[121 N.C. App. 653 (1996)]

ALBERT R. TOLBERT, AND WIFE, WILLA C. TOLBERT, PLAINTIFFS v. COUNTY OF CALDWELL, A POLITICAL SUBDIVISION OF THE STATE OF NORTH CAROLINA, DEFENDANT

No. COA95-486

(Filed 5 March 1996)

**Eminent Domain § 34 (NCI4th)— landfill—closing of road pursuant to governmental regulations—"taking" by county**

Since defendant county was the party responsible for the operation of a landfill, the party which executed an agreement giving plaintiffs access to their property across the landfill, and the party which closed the road, defendant was the party which "took" plaintiffs' property, and there was no merit to defendant's contention that it was absolved from any responsibility because it acted pursuant to state and federal regulations.

**Am Jur 2d, Eminent Domain §§ 157 et seq.**

**Plotting or planning in anticipation of improvement as taking or damaging of property affected. 37 ALR3d 127.**

Appeal by plaintiffs and defendant from judgment entered 7 November 1994 in Caldwell County Superior Court by Judge Forrest A. Ferrell. Appeal by defendant from judgment entered 30 September 1994 in Caldwell County Superior Court by Judge Hollis M. Owens, Jr., and order entered 7 November 1994 in Caldwell County Superior Court by Judge Forrest A. Ferrell. Heard in the Court of Appeals 1 February 1996.

*Richard B. Harper for plaintiff-appellees/appellants.*

*Wilson, Palmer & Lackey, P.A., by David S. Lackey, for defendant-appellant/appellee.*

GREENE, Judge.

The County of Caldwell (defendant) appeals from a partial summary judgment finding defendant liable for compensable damages incurred from a temporary taking of Allen and Willa Tolbert's (plaintiffs) easement and a jury verdict and judgment, finding the damages owed to plaintiffs by defendant for the temporary taking to be $6,625.00. Defendant also appeals an order taxing the costs of the action in the amount of $9,384.41 to defendant. Plaintiffs appeal the jury verdict and judgment.

TOLBERT v. COUNTY OF CALDWELL

[121 N.C. App. 653 (1996)]

Defendant operates a solid waste disposal site (the landfill) on property located adjacent to plaintiffs' property in Caldwell County. On 18 September 1980, defendant entered into a right-of-way agreement (Agreement) with Edgar Tolbert (Tolbert), plaintiffs' predecessor in title, which was recorded in the Register of Deeds of Caldwell County. The Agreement created a sixty foot easement across the landfill, for the use and benefit of Tolbert,[1] his heirs and assigns. Defendant agreed that the sixty foot easement would be opened to the public when defendant ceased its landfill operation, or ten years from 18 September 1980, whichever occurred first.

After defendant entered into the Agreement, a state agency promulgated regulations requiring landfill operators to control public access to the landfill. 15A NCAC 13B .0505(8)(a) (Sept. 1995); see 40 CFR § 258.25 (1995) (similar federal regulation).

Between 19 September 1990 and 22 July 1994, the defendant, consistent with the regulations, "maintained gates and fences across the easement," thus prohibiting the public's use of the easement to gain access to plaintiffs' property. Plaintiffs were able to use the easement, but only during operating hours of the landfill, which was approximately 8:00 a.m. to 5:00 p.m. during the week, and for a few hours on Saturdays.

Plaintiffs allege that defendant's actions, in closing access to the easement "extinguished Plaintiffs' property rights in said easement and . . . constitutes a taking," for which plaintiffs seek compensation. Defendant admitted that there has been a taking between 19 September 1990 and 22 July 1994 but claimed that it had not taken the easement and that the taking was made by the federal and state governments. Both parties requested summary judgment. The trial court ruled that "[t]here has been a temporary taking of the subject easement from September 19, 1990 until July 22, 1994" and if the taking caused plaintiffs' damages, they are entitled to recover such damages from defendant.

The jury found that $6,625.00 was just compensation for the temporary taking of plaintiffs' right to have public access to their property between 1990 and 1994. By judgment entered 7 November 1994, defendant was ordered to pay plaintiffs $6,625.00 plus costs.

---

1. Plaintiffs are Tolbert's heirs and assigns and successors in title, and hold Tolbert's property rights, including the right to the easement as embodied in the agreements between Tolbert and defendant.

The issue is whether the defendant is responsible for the taking.

Defendant claims that because state and federal rules regulating the access and security of its landfill forced defendant to "take action which has the effect of a 'taking,' " it is not the responsible party. We disagree.

The defendant is the party responsible for the "operation of solid waste disposal facilities," N.C.G.S. § 130A-309.09A (1995), which includes the landfill in question, N.C.G.S. §§ 130A-290(31), (35), (36) (1995), and must operate it in accordance with Chapter 130A, Article 9 of the North Carolina General Statutes. N.C.G.S. §§ 130A-290 through 310.23 (1995). Chapter 130A, Article 9 grants the Department of Environment, Health and Natural Resources the authority to promulgate rules affecting the operation and maintenance of these facilities. N.C.G.S. § 130A-294 (1995). It is pursuant to this authority that the regulations were promulgated requiring that the facility be "secured by means of gates, chains, berms, fences, and other security measures . . . to prevent unauthorized entry." 15A NCAC 13B .0508(8)(a) (Sept. 1995). This regulatory scheme, although not the specific regulation at issue, was in place prior to the execution of the Agreement, 1977 N.C. Sess. Laws ch. 1216 § 1 (codified as N.C.G.S. § 130-166.18) (repealed), and remains in place today. *See* N.C.G.S. § 130A-294 (1995).

The defendant is the party responsible for the operation of the landfill, the party that executed the Agreement and the party that closed the road. As such it has "taken" the plaintiffs' property. In so holding we reject the argument of the defendant that it is absolved from any responsibility because it acted pursuant to state and federal regulations. *See Griggs v. County of Allegheny*, 369 U.S. 84, 89, 7 L. Ed. 2d 585, 589 (holding that owner and operator of airport responsible for taking of property needed to comply with federal regulation), *reh'g denied*, 369 U.S. 857, 8 L. Ed. 2d 16 (1962); *Danziger v. United States*, 93 F. Supp. 70, 72 (E.D. La. 1950) (local government responsible for taking necessary to comply with federal Flood Control Act); *Hoyle v. City of Charlotte*, 276 N.C. 292, 302, 172 S.E.2d 1, 7 (1970) (owner and operator of airport responsible for taking required by federal regulations). We do not address, as it is not raised in this case, whether the defendant has a claim for contribution or indemnity against either or both the federal and state agencies that required that access to the landfill be limited.

The plaintiffs have raised several assignments of error related to rulings by the trial court excluding evidence the plaintiffs attempted to offer. We do not address these arguments, however, because in each instance the plaintiffs failed to make an offer of proof. N.C.G.S. § 8C-1, Rule 103(a)(2) (1992) (error may not be predicated on ruling excluding evidence unless "the substance of the evidence was made known to the court by offer or was apparent").

Partial summary judgment: Affirmed.

Trial: No error.

Judges WYNN and JOHN concur.