|¡WILLIAM F. KLINE, Jr, J. Pro Tempore.
This is an appeal from a judgment sustaining a peremptory exception of prescription.
FACTUAL BACKGROUND
In August 1980, International Developers sought the City of Baton Rouge/Parish *755 of East Baton Rouge Planning Coramission’s approval of the New Horizons subdivision plan. The City-Parish gave final approval to the subdivision plan in April 1983, and the plan was recorded in the conveyance records of East Baton Rouge Parish. The New Horizons subdivision plan contained a public dedication of rights-of-way of streets, drainage, sewerage and other areas shown on the subdivision plan for public use.
In October 1983, BHP Investments, Inc. (BHP) bought the property comprising the New Horizons subdivision. In January 1984, the City-Parish Department of Public Works (DPW) accepted the maintenance of the public use areas in the New Horizons subdivision. Sometime after this acceptance by DPW, the owner of the subdivision went bankrupt and there was no further development of the subdivision in the 1980’s.[2]
On April 20, 1993, Zachary Heights Corporation (ZHC) signed a purchase agreement to buy the New Horizons subdivision. Then, on May 6,1993, ZHC sent a letter to the City-Parish, informing it that ZHC planned to purchase the New Horizons subdivision, and specifically seeking verification from the City-Parish that it was obligated to maintain the streets, and that the subdivision still existed. On May 17, 1993, the City-Parish responded to ZHC’s inquiry, stating that it had no obligation regarding the repair and maintenance of the streets, sewer and drainage systems in the New Horizons subdivision.
Despite the City-Parish’s knowledge through the May 6, 1993 letter from ZHC that ZHC intended to purchase the New Horizons subdivision, the City-Parish Metropolitan Council (Metro Council) failed to notify ZHC prior to the Metro Council’s adoption of an ordinance on June 9, 1993, that affected the rights-of-way in the New ^Horizons subdivision. Through Ordinance 9642, the Metro Council revoked the statutory dedication of the rights-of-way of the streets, drainage and other areas shown as public use areas on the subdivision plan. Subsequently, on September 28, 1993, one of the parish attorneys wrote a memorandum noting that some of the New Horizons subdivision dedications of drainage rights-of-way were still needed for public use. Accordingly, on October 27, 1993, the Metro Council adopted Ordinance 9739 to amend Ordinance 9642 and express that the drainage rights-of-way on the New Horizons subdivision plan were still needed and were to continue in existence, and thus, were not revoked by Ordinance 9642.
Later that year, on December 6, 1993, the Planning Commission adopted a resolution that rescinded the prior final approval of the New Horizons subdivision plan. This resolution was purportedly in response to a written request from the attorney for the mortgage holders of the New Horizons subdivision property to reclassify the property as acreage for property tax purposes. This resolution was also made without prior notice to the public or ZHC, and without a formal hearing. Additionally, the resolution rescinding the prior approval of the New Horizons subdivision plan was not recorded in the public records of East Baton Rouge Parish.
On September 19, 1996, ZHC assigned all its rights under the 1993 purchase agreement to plaintiff, Unlimited Horizons, L.L.C. (Unlimited).[3] On October 8, 1996, Unlimited bought lots 1 through 4 and 6 through 109 of the New Horizons subdivision at a sheriffs sale. In the spring of 1997, Unlimited sought preliminary approval from the City-Parish Planning *756 Commission of a new subdivision plan to develop the property that formerly comprised the New Horizons subdivision plan. This new subdivision was named Old Settlement, and its plan was developed in accordance with the original New Horizons subdivision plan, the approval of which was rescinded by the City-Parish on December 6, 1993. The City-Parish denied Unlimited’s request for approval of the Old Settlement subdivision plan in early May 1997.
| (PROCEDURAL HISTORY
On January 16, 1998, Unlimited filed a petition for declaratory judgment, naming the City-Parish as defendant. In the petition, Unlimited alleged that Ordinance 9642 was void and without effect because no notice was given to the known future owner, ZHC, in violation of the Due Process Clause of the U.S. Constitution; the rescission of the prior approval of the New Horizons subdivision plan was void and without effect because the City-Parish breached its duty to notify the owner or those with known interests in the plan of the proposed action; the June 1993 revocation of the statutory dedication of the rights-of-way in the New Horizons subdivision plan and the December 1993 rescission of the New Horizons subdivision plan were arbitrary and capricious; and the rescission had no effect as to third parties such as Unlimited because it was not recorded. Based on these allegations, Unlimited sought a judgment declaring that the June 9, 1993 revocation of the dedication of rights-of-way and the December 6, 1993 rescission of the subdivision plan approval were null and void; the December 6, 1993 rescission of the subdivision plan approval had no effect on Unlimited’s legal rights because it was never recorded; and that Ordinance 9739, which had amended Ordinance 9642 to reserve the dedication of the drainage rights-of-way, was null and void. Unlimited also sought a declaratory judgment allowing it to construct, develop and market the lots in the New Horizons subdivision, pursuant to the original plans approved in April 1983; and ordering the City-Parish to perform maintenance on the New Horizons subdivision and to repair the infrastructures of the subdivision. In addition to the declaratory relief sought through the petition, Unlimited sought a judgment for money damages, including attorney fees, costs and interest, for violating 42 U.S.C. § 1983, and for takings without just compensation.
The City-Parish filed a peremptory exception of prescription and no right of action on June 29, 1998. In support of the exception of prescription, the City-Parish argued that LSA-R.S. 13:5111 provided the applicable prescriptive period for all of Unlimited’s claims, and because Unlimited did not file suit within three years of the City-Parish’s actions, the entire suit should be dismissed as prescribed. In opposition, Unlimited argued that even if the part of the petition seeking damages for the City-Parish’s actions |Bmay be subject to the prescriptive period set forth in LSA-R.S. 13:5111, the part that sought a declaratory judgment regarding the propriety and lawfulness of the City-Parish’s actions in revoking the statutory dedication of rights-of-way, rescinding prior subdivision plan approval, and denying approval of the new plan (Old Settlement subdivision) was not governed by LSA-R.S. 13:5111 and was not prescribed.
The trial court granted judgment sustaining the peremptory exception of prescription and dismissing all of Unlimited’s claims. In light of the trial court’s ruling on the prescription issue, the trial court expressly declined to address the exception of no right of action.[4] Unlimited appealed asserting the following five assignments of error:
(1) The trial court erred as a matter of law in sustaining the peremptory excep *757 tion of prescription where the prescriptive period for inverse condemnation proceedings does not apply to a request for judicial review of a municipality’s revocation of a statutory dedication and rescission of a subdivision plan.
(2) The trial court erred as a matter of law in sustaining the peremptory exception of prescription where part of the demand of the Plaintiff/Appellant requested a determination of whether an unrecorded rescission of a subdivision plan can affect the Plaintiff/Appellant’s interest as a third party purchaser of an immovable property.
(3) The trial court erred as a matter of law to the extent that it sustained a peremptory exception of prescription, dismissing certain claims of Plaintiff/Appellant that were based on the arbitrary and capricious actions of a municipality that took place less than one year prior to the filing of the petition of Plaintiff/Appellant.
(4) The trial court erred as a matter of law in finding that the inverse condemnation claims of Plaintiff/Appellant have prescribed, when these claims will not accrue until there is a judicial determination that the revocation of the statutory dedication and the rescission of the subdivision plan were in fact lawful. Here, if Plaintiff/Appellant is successful in arguing that the revocation and rescission were unlawful, then the subdivision plan, originally filed in the public records for East Baton Rouge Parish, will remain in effect, along with the statutory dedication contained in the subdivision plan. Therefore, under the unique circumstances of this case, the takings claims of the Plaintiff/Appellant have not yet accrued.
(5) Alternatively, the trial court abused its discretion in denying leave to the Plaintiff/App[ellant] to amend its Petition when the amendment would have removed the grounds for prescription by asserting a possessory action against the municipality that is interfering with the Plaintiff/App[ellant’s] right to peaceful possession of its property.
[ fiThus, we must decide whether LSA-R.S. 13:5111 governs challenges of a City-Parish’s authority to revoke a statutory dedication of rights-of-way, rescind prior approval of a subdivision plan, and deny approval of a new subdivision plan. If it governs such claims, then the trial court correctly sustained the exception of prescription. If it does not govern such claims, then the trial court applied the wrong prescriptive period and improperly granted the exception of prescription as to those claims. Finally, we must decide whether there must be a judicial determination that a revocation of rights-of-way and rescission of subdivision plan approval are lawful before an inverse condemnation claim can accrue.
APPLICABILITY OF LSA-R.S. 13:5111 TO CLAIMS CHALLENGING A CITY-PARISH’S AUTHORITY AND CORRECTNESS IN REVOKING RIGHTS-OF-WAY AND RESCINDING PRIOR SUBDIVISION PLAN APPROVAL
The trial court relied on the prescriptive period contained in LSA-R.S. 13:5111 in dismissing all of Unlimited’s claims set forth in its petition. Unlimited argues that the LSA-R.S. 13:5111 prescriptive period may apply to actions for damages arising out of a taking, but that it also asserted claims seeking declaratory relief, which claims are not subject to the prescriptive period set forth in LSA-R.S. 13:5111.
Louisiana Revised Statute 13:5111 provides in pertinent part as follows:
A. A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against ... a parish ... for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the costs of court, such sum as will ... compensate for reasonable at *758 torney fees actually incurred because of such proceeding.... Actions for compensation for property taken by ... a parish ... shall prescribe three years from the date of such taking.
We find the language of this statute to be clear and unambiguous that the three-year prescriptive period applies only to actions that seek compensation for property taken by a parish. See Lieber v. State, Department of Transportation and Development, 28,745, p. 7 (La.App. 2nd Cir.10/30/96), 682 So.2d 1257, 1260, writ denied, 97-0087 (La.3/7/97), 689 So.2d 1374. It should not apply to Unlimited’s attempt to obtain a declaratory judgment on the propriety and lawfulness of the City-Parish’s actions in revoking the statutory dedication of rights-of-way, rescinding its prior approval of the New Horizons subdivision plan, and denying the request of Unlimited for approval of the Old Settlement subdivision plan. In so finding, we note that prescription |7may only be established by legislation. LSA-C.C. art. 3457; T.D. v. 98-0.167, p. 3 (La.3/2/99), 730 So.2d 873, 876. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. When presented with two possible constructions, the court should adopt the construction which favors maintaining, as opposed to barring, an action. Miley v. Consolidated Gravity Drainage District No. 1, 93-1321, p. 6 (La.App. 1st Cir.9/12/94), 642 So.2d 693, 697.
Additionally, LSA-R.S. 48:701 gives a parish governing authority the right to revoke and set aside the dedication of roads when they have been abandoned or are no longer needed for public purposes. The jurisprudence recognizes the right of a property owner affected by a governing authority’s revocation of the dedication of a road to contest the propriety of that revocation. See Favrot v. Jefferson Parish Council, 470 So.2d 286, 289-90 (La.App. 5th Cir.1985); Miller v. Calcasieu Parish Police Jury, 441 So.2d 306, 307-08 (La.App. 3rd Cir.1983), writ denied 444 So.2d 121 (La.1984). Pursuant to LSA-R.S. 33:101.1, any subdivision ordinance enacted by a parish governing authority shall be subject to judicial review on the grounds of abuse of discretion. Neither LSA-R.S. 48:701 nor 33:101.1 contains a prescriptive period for the owner to contest the validity of such actions by a governing authority. Also, other than the prescriptive period set forth in LSA-R.S. 13:5111, the City-Parish has not referred us to any prescriptive period governing such actions.
Acknowledging that treatises may be persuasive, but are not binding, we note that A.N. Yiannopoulos has concluded in his treatise on property law that “[t]here is no prescription barring an action to contest the revocation of a dedication by the public authorities.” A.N. Yiannopoulos, La. Civil Law Treatise, Property, Vol. 2, § 104, p. 230 (1991). Thus, we find that the trial court erred in granting the exception of prescription with respect to Unlimited’s claims that contested the propriety of the City-Parish’s actions revoking the dedication of the rights-of-way, rescinding the prior approval of the |sNew Horizons subdivision plan, and denying approval of the Old Settlement subdivision plan.[5]
*759 PRESCRIPTION OF DAMAGE CLAIMS ARISING OUT OF REVOCATION OF RIGHTS-OF-WAY AND RESCISSION OF PRIOR SUBDIVISION PLAN APPROVAL
Unlimited also contends that its claims for damages arising out of the revocation and rescission have not prescribed because LSA-R.S. 13:5111 only applies where there has been a taking, and a taking cannot accrue in the present case until after there is a judicial determination of whether the City-Parish’s actions complained of in the petition were proper and lawful. We reject this contention.
The burden of proving an exception of prescription is on the party asserting it. Provident Life and Accident Insurance Company v. Turner, 582 So.2d 250, 254 (La.App. 1st Cir.1991). However, where the plaintiffs cause of action has prescribed on the face of the pleadings, the plaintiff bears the burden of establishing that prescription had not begun to run or was interrupted or suspended. To do so, the proof must be clear, specific, and positive. Sandoz v. Dolphin Services, Inc., 555 So.2d 996, 998 (La.App. 1st Cir.1989).
In the present case, Unlimited also sought damages arising out of the allegedly improper revocation of the dedication of the rights-of-way and the rescission of the prior approval of the New Horizons subdivision plan. Based on the allegations contained in the petition, these actions by the City-Parish constituted a taking, and Unlimited was seeking damages arising from that taking. See Paillot v. Wooton, 559 So.2d 758, 760 (La.1990) (suspension of a bar owner’s beer and liquor license constituted a taking). | ^However, the actions of which Unlimited complained occurred more than three years before its suit was filed. Thus, on the face of the petition, the claims for damages had prescribed under LSA-R.S. 13:5111. It then became Unlimited’s burden to establish that prescription had been interrupted or had not commenced to run.
The three-year prescriptive period of LSA-R.S. 13:5111 begins to run from the date of discovery of the taking. Wynat Development Company v. Board of Levee Commissioners for Parish of Orleans, 96-1983, p. 5 (La.App. 4th Cir.5/30/97), 696 So.2d 163, 166, affirmed, 97-2121 (La.4/14/98), 710 So.2d 783; Lieber, 682 So.2d at 1261. Because Unlimited alleged that the rescission of prior approval of a subdivision plan or the revocation of a statutory dedication of rights-of-way constituted a taking and entitled it to damages, Unlimited had the burden of establishing the date it discovered that the statutory dedication of the rights-of-way had been revoked and that the approval of the subdivision plan had been rescinded. Unlimited has not alleged, nor it is apparent from the record, when Unlimited acquired actual knowledge of the revocation and rescission actions of the City-Parish. Without such evidence, the trial court correctly sustained the peremptory exception of prescription with respect to the claims for damages arising out of the revocations and rescissions effected by the City-Parish.
PRESCRIPTION OF DAMAGE CLAIMS ARISING OUT OF THE CITY-PARISH’S DENIAL OF APPROVAL OF OLD SETTLEMENT SUBDIVISION PLAN
Unlimited also seeks to assert an independent cause of action arising out of the City-Parish’s denial of Unlimited’s application for approval of the Old Settlement subdivision plan in May 1997. To reiterate, Unlimited’s application for ap *760 proval of the Old Settlement subdivision plan was based on the same plan developed for the original New Horizons subdivision, which plan had received final approval in April 1983, and was later rescinded on December 6, 1993. Whether this 1997 denial constitutes a taking or whether it gives rise to any other cause of action has not been decided by the trial court, nor addressed by the parties. If we assume that this denial of Unlimited’s 1997 application either constitutes a taking or gives rise to another cause of action, it has not prescribed. The three-year prescriptive period contained in LSA-R.S. 13:5111 has not run. Additionally, the City-Parish, who had the burden of proving the claim had prescribed, did not refer us to any applicable statute that sets forth a prescriptive period 110of less than one year for any actions for damages that may arise out of the denial of approval of a subdivision plan. See Provident Life, 582 So.2d at 254. Thus, we find that the trial court erred in dismissing any claim for damages that Unlimited may have arising out of the City-Parish’s denial of its approval of the Old Settlement subdivision plan.
Because of our resolution of the first four assignments of error, we need not address Unlimited’s fifth assignment of error.
CONCLUSION
For the reasons set forth in this opinion, the judgment of the trial court is affirmed in part, reversed in part and remanded. That part of the judgment sustaining the exception of prescription with respect to any claims for damages arising out of the City-Parish’s revocation of the rights-of-way and rescission of its prior approval of the New Horizons subdivision plan is affirmed. That part of the judgment sustaining the exception of prescription and dismissing Unlimited’s claims for declaratory judgment on the propriety of 1) the City-Parish’s actions in revoking the rights-of-way set forth in the New Horizons subdivision plan, and 2) the City-Parish’s rescission of its prior approval of the New Horizons subdivision plan, is reversed. Additionally, the judgment is reversed insofar as it dismissed as prescribed any claims Unlimited may have arising out of the City-Parish’s denial of approval of the Old Settlement subdivision plan. The matter is remanded to the trial court for further proceedings. Costs of this appeal in the amount of $1,086.29 are assessed to the City-Parish.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. We note that one of the 109 lots in the subdivision was apparently sold. However, the record does not reveal when nor to whom this lot was sold, nor is the owner of the sold lot involved in this appeal.

. It is not apparent from the record whether, at the time of the purchase, Unlimited had knowledge of the rescission of the prior approval of the New Horizons subdivision plan or of the revocation of the rights-of-way contained in the subdivision plan.

. After this judgment was rendered, Unlimited filed a motion for leave to file an amending petition to remove the grounds for the City-Parish’s peremptory exception raising the objection of prescription. The trial court denied this motion.

. Further support that the three-year prescriptive period in LSA-R.S. 13:5111 applies only to suits seeking money as compensation for a taking can be found in the Wynat Development Company v. Board of Levee Commissioners for Parish of Orleans, 97-2121, p. 15 (La.4/14/98), 710 So.2d 783, 791, cert. denied, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 451 (1998). In Wynat, the trial court was faced with the issue of whether LSA-R.S. 13:5111 or 9:5626 provided the applicable prescriptive period for a claim for compensation for land appropriated by resolution for levee purposes. In concluding that LSA-R.S. 13:5111 provided the prescriptive period, the court noted that LSA-R.S. 13:5111 requires a landowner to file his suit seeking to enforce the taking authority's "obligation to compensate him under La. R.S. 38:301C(l)(a)” within three years from the passage of the appropriating resolution. Louisiana Revised Statute 38:301 C(l)(a) requires the taking authority to pay the fair market value to the full extent of the loss for all lands used, damaged, or de *759 stroyed for levee or levee drainage purposes. Thus, it is clear that the use of the word "compensation” in LSA-R.S. 13:5111 refers to actions seeking fair market value or other monetary damages arising out of a taking of property. That is distinguishable from those parts of Unlimited's actions that sought to contest the propriety of the City-Parish's revocations and rescissions of a statutory dedication of rights-of-way, prior approval of the New Horizons subdivision plan, and the denial of the Old Settlement subdivision plan.