J^FOGG, J.
In this medical malpractice and products liability action, the State of Louisiana, through the Department of Health and Hospitals and Earl K. Long Medical Center (hereinafter collectively referred to as “the State”) seeks writs from a judgment denying its exception of prescription as to the medical malpractice claim. For the following reasons, we deny the writ.
On July 14, 1993, Bennett Geiger and Peggy Pendarvis Geiger, individually and on behalf of their minor daughter, Suzanne Nicole Pendarvis, filed suit for damages. In their petition, the plaintiffs allege that on July 14, 1992 a “Johnny Jump Up” their daughter was sitting in broke, and she fell to the ground. The Geigers took Suzanne to Earl K. Long Hospital, where they allege her condition was not properly diagnosed.
The plaintiffs allege Spalding & Evenflo Companies, Inc., Evenflo Juvenile Furniture Company, and Infanseat (hereinafter collectively referred to as “the products liability defendants”) are liable as manufacturers of a defective product, and the State is liable in medical malpractice for Earl K. Long Hospital’s misdiagnosis of Suzanne’s condition. The plaintiffs claim the products liability defendants and the State are solidarity liable for their damages.
The State responded with exceptions of prematurity and lack of subject matter jurisdiction, contending Earl K. Long Hospital was a state health care provider and any medical malpractice claim against it must first be brought before a medical review panel. On August 20, 1993, while these exceptions were pending before the trial court, the plaintiffs filed a request for a medical review panel pursuant to LSA-R.S. 40:1299.47.
On September 3, 1993, the trial court rendered judgment maintaining the exceptions and dismissing the State without prejudice. Subsequently, on September 25, 1995, the plaintiffs ^dismissed with prejudice their suit against the products liability defendants.
Two weeks after receipt of notice of the decision of the medical review panel, the plaintiffs filed the present suit against the State, seeking damages due to the alleged malpractice. The State filed an exception of prescription, contending plaintiffs’ claim was prescribed pursuant to LSA-R.S. 40:1299.39 et seq. and LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226. At the hearing on the exception, plaintiffs introduced a copy of the medical review panel opinion and the suit record of the previous litigation. On March 17, 2000, the district court rendered judgment, overruling the exception. From this judgment, the State seeks writs.
When a petition reveals on its face that prescription has run, the plaintiff bears the burden of establishing that the claim has not prescribed. See Capitol House Pres. Co., L.L.C. v. Perryman Consultants, Inc., 98-1514 (La.App. 1 Cir. 12/10/98), 725 So.2d 523, writ denied, 99-0548 (La.4/9/99), 740 So.2d 637. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. When presented with two possible constructions, the court should adopt the construction that favors maintaining, as opposed to barring, an action. Unlimited Horizons, L.L.C. v. Parish of East Baton Rouge, 99-0889 (La.App. 1 Cir. 5/12/00), 761 So.2d 753.
The prescriptive period applicable to medical malpractice actions is governed by LSA-R.S. 9:5628 which provides that such actions must be filed within one year from *671 the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect. In any event, even as to claims filed within one year from the date of such discovery, such claims must be filed, at the latest, 1 ¿within a period of three years from the date of the alleged act, omission or neglect. LSA-R.S. 9:5628.
The Louisiana Medical Malpractice Act requires that all malpractice claims against the State of Louisiana be submitted to a medical review panel before suit is filed. LSA-R.S. 40:1299.47(B)(l)(a)(i). The running of prescription is suspended during the medical review process, but recommences ninety days after the claimant is notified by certified mail of the issuance of the medical review panel’s opinion. LSA-R.S. 40:1299.47(A)(2)(a); LSA-R.S. 40:1299.47(B)(3).
Relators contend that the court erred in overruling the exception, relying on LeBre-ton. In LeBreton, within one year of the death of her father, Ms. LeBreton filed a suit in medical malpractice in district court against Drs. Rabito, Breaux, and Krefft. Within one year of her father’s death, Ms. LeBreton also filed a request with the Patient’s Compensation Fund Oversight Board for a medical review panel. The doctors interposed dilatory exceptions of prematurity to the suit, and the trial court granted the exceptions and dismissed the suit without prejudice. Subsequently, the medical review panel issued its opinion and sent notification to Ms. LeBreton. Approximately five months later, Ms. LeBre-ton filed suit for wrongful death in district court against the doctors named in the original suit. The doctors filed peremptory exceptions of prescription, alleging that Ms. LeBreton’s wrongful death claim was prescribed on its face.
The supreme court held that LSA-R.S. 40:1299.47(A)(2)(a), the specific statutory provision providing for the suspension of prescription in the context of medical malpractice, must be applied alone, not complementary to LSA-C.C. art. 3462, the more general codal article that addresses interruption of prescription. LeBreton, 97-2221 at p. 9, 714 So.2d at 1230.
|RIn the instant case, the plaintiffs’ suit in district court against relators would not serve to interrupt prescription if it were against them alone because the claim with the medical review panel was not filed within the one year period so as to suspend prescription. However, unlike LeBreton, the plaintiffs also sued the manufacturers of the Johnny Jump Up in products liability and alleged the manufacturers and the relators are solidarity liable.
A similar issue was addressed in Coleman v. Acromed Corp., 32,590 (La.App. 2 Cir. 12/15/99), 764 So.2d 81, writ denied, 2000-0422 (La.3/31/00), 759 So.2d 73. On May 25, 1995, Mr. Coleman filed a complaint against Doctors’ Hospital of Shreveport with the Louisiana Patients’ Compensation Fund requesting a medical review panel. On June 12, 1995, Mr. Coleman filed a products liability suit against Acromed, the manufacturer of surgical implements placed in his body during surgery, and Dr. Arthur D. Stef-fee, the marketer of the implements. The medical review panel rendered an opinion on September 17, 1997. Thereafter, on June 8, 1998, Mr. Coleman filed an amended petition naming Doctors’ Hospital as a defendant in the original suit. Doctors’ Hospital filed an exception of prescription alleging Mr. Coleman’s claim prescribed ninety days from his receipt of the medical review panel opinion, or no later than December 19, 1997, as provided in LSA-R.S. 40:1299.47(A)(2)(a). The trial court granted the exception and dis *672 missed Mr. Coleman’s suit as to Doctors’ Hospital.
In reversing the trial court, the second circuit found that neither Acromed nor Dr. Steffee were health care providers subject to the Louisiana Medical Malpractice Act. Because the defendants were solidary tort-feasors each could be held liable for the whole of Mr. Coleman’s damages. Therefore, the suit | (¡filed by him on June 12, 1995 against Acromed and Dr. Steffee interrupted prescription as to those defendants, as well as Doctors’ Hospital. Coleman, 32,590 at pp. 4-5, 764 So.2d at 84-85.
In the present suit, the plaintiffs allege that relators and the products liability defendants are solidarily liable. Under Erdey v. Am. Honda Co., Inc., 415 So.2d 449 (La.App. 1 Cir.1982), the obligation of a physician, liable for the damages caused by his malpractice, and a tortfeasor, responsible for the aggravation of injuries caused by the physician’s malpractice, is solidary, as each debtor may be compelled for the whole. See LSA-C.C. art. 1794.
The limiting provisions applicable to qualified health care providers under the Louisiana Medical Malpractice Act are “special legislation in derogation of the rights of tort victims,” and are strictly construed. Spradlin v. Acadia-St. Landry Med. Found., 98-1977, p. 6 (La.2/29/00), 758 So.2d 116, 120. The products liability defendants are not qualified health care providers and, therefore, are not subject to the formalities of the Louisiana Medical Malpractice Act. A timely products liability suit filed against these defendants operates as a valid interruption of prescription as to them and any other solidary tortfeasor. See LSA-C.C. art. 2324.
The plaintiffs filed suit within ninety days of receipt of the decision of the medical review panel and within one year of the dismissal of the previous suit against the products liability defendants. Accordingly» by virtue of the interruption of prescription by the suit against the products liability defendants, the plaintiffs’ suit is timely.
WRIT DENIED.
GONZALES, J., respectfully dissents and assigns reasons.